## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

**SETH E. WILLARD**

**v.**                                                                **C.A. NO. 09-401 ML**

**RICHARD DESTAFANO JR. ET AL.**

## REPORT AND RECOMMENDATION

Jacob Hagopian, Senior United States Magistrate Judge

Presently before the Court is a motion filed by plaintiff Seth E. Willard, *pro se*, for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(2) (Docket #2). Plaintiff, an inmate at the Adult Correctional Institutions (the "ACI") in Cranston, Rhode Island, filed a complaint pursuant to 42 U.S.C. § 1983 ("§ 1983") against three ACI correctional officers (the "Complaint") (Docket # 1). This matter has been referred to me for determination; however, upon screening the Complaint, as required by 28 U.S.C. § 1915(e)(2) ("1915(e)(2)"), I have found that the Complaint fails to state a claim upon which relief may be granted. Therefore, I address this matter by way of this Report and Recommendation. For the reasons stated below, I recommend that the Complaint be DISMISSED with prejudice and plaintiff's motion to proceed *in forma pauperis* be DENIED.

## BACKGROUND

The following background is based on allegations plaintiff makes in the Complaint. Plaintiff alleges that, on April 23, 2006, he was placed in segregation under investigation for alleged prostitution without a disciplinary hearing. Plaintiff claims that, although Defendant Lieutenant Marco, the officer in charge of the action, told him that the Department of Corrections Special Investigation Unit ("S.I.U.") was conducting the investigation, Lieutenant

Marco never passed the information on to the S.I.U.  Plaintiff states that after twenty-two days with no contact from the investigators, he requested Deputy Warden Caruso to look into the situation.  Plaintiff alleges that on May 15, 2006, after twenty-three days in segregation, he was interviewed by S.I.U. and then released.

Plaintiff further claims that on June 16, 2006,[1] he was again placed in segregation, this time based on an allegation by defendant Officer Santiago that he sexually assaulted her. Plaintiff states that, at the time of the alleged sexual misconduct, Officer Santiago failed to call for assistance, contact her superior officer or log the incident in the log book, as required by the Department of Corrections in response to a sexual assault.  Plaintiff alleges that, after a disciplinary hearing, he was found guilty of the lesser offense of disorderly conduct.

Plaintiff claims that, at the time of each event, defendant Destefano, a correctional officer who worked in the facility in which plaintiff was housed, informed plaintiff's wife, Adrienne Willard, of the charges against plaintiff.  Plaintiff alleges that the information provided by Officer Destefano to Adrienne Willard interfered with plaintiff's marriage and resulted in Adrienne Willard's refusal to bring plaintiff's children to visit him from January 25, 2007 until May 18, 2007.

Plaintiff further states that a Family Court investigation indicated that Officer Destafano was romantically involved and cohabitating with Adrienne Willard at the time of the foregoing events.  Plaintiff alleges that Officers Santiago and Destefano worked together to negatively affect his marriage and visitation with his children and irreparably harm his reputation.

Plaintiff claims that defendants violated his due process rights under the Fourteenth Amendment by placing him in segregation for alleged prostitution without affording him a

---

[1]The Complaint states June 16, 2007, but the timeline of the other occurrences in the Complaint suggests that this event occurred in 2006.

hearing or the ability to call witnesses. He further claims that defendants' actions violated his Eighth Amendment protections against cruel and unusual punishments by adversely affecting his relationship with his wife and children.

## DISCUSSION

### I.   Screening Under § 1915(e)(2) and § 1915A

In connection with proceedings *in forma pauperis*, § 1915(e)(2) instructs the Court to dismiss a case at any time if the Court determines that the action or appeal, *inter alia*, is frivolous or malicious or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2). Similarly, 28 U.S.C. § 1915A ("§ 1915A") directs courts to screen complaints filed by prisoners against a governmental entity, officer or employee and dismiss such claims for identical reasons. 28 U.S.C. § 1915A(b).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B) and § 1915A is identical to the legal standard used when ruling on a 12(b)(6) motion. *See Courteau v. United States*, 287 F. App'x 159, 162 (3$^d$ Cir. 2008); *Pelumi v. Landry*, No. 08-107, 2008 WL 2660968, at *2 (D.R.I., June 30, 2008). In making this determination, the Court must accept plaintiff's allegations as true and construe them in the light most favorable to plaintiff, although the Court need not credit bald assertions or unverifiable conclusions. *Ashcroft v. Iqbal*, -- U.S. --, 129 S.Ct. 1937, 1949-1950 (2009). Further, the Court must review pleadings of a *pro se* plaintiff liberally. *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285 (1976). A claim fails to state a claim for which relief may be granted if the factual allegations fail to "raise [plaintiff's] right to relief above the speculative level" and "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99

(1957)); *see also Iqbal*, 129 S.Ct. at 1949-1951 (discussing the plausibility requirement); Fed.R.Civ.P. 8(a)(2).

## II.    Legal Standard Under § 1983

In order to maintain a § 1983 action, the conduct complained of must have (1) been committed by a person acting under color of state law and (2) deprived the plaintiff of a constitutional right or a federal statutory right. *Gomez v. Toledo*, 446 U.S. 635, 640, 100 S.Ct. 1920 (1980).  Here, although defendants' were acting under state law, plaintiff has failed to allege facts indicating that defendants deprived him of a constitutional or federal statutory right.

## III.   Fourteenth Amendment Procedural Due Process Claim Related to Segregation

Plaintiff alleges that his segregation for 23 days based on the allegedly false charge of prostitution without a disciplinary hearing or the right to call witnesses violated his Fourteenth Amendment right to procedural due process.

Although a prisoner is guaranteed minimal procedural safeguards under the Due Process Clause of the Fourteenth Amendment when facing a disciplinary hearing that may result in the loss of a liberty interest, no such protections are afforded unless a recognizable constitutional liberty interest is implicated. *See Sandin v. Connor*, 515 U.S. 472, 487, 115 S.Ct. 2293 (1995). While a state may create liberty interests that are protected by the Due Process Clause, these interests are generally limited to freedom from restraint that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* 515 U.S. at 484-86, 115 S.Ct. at 2300 (holding that punitive segregation for a term of 30 days is not an atypical and significant hardship in relation to the ordinary instances of prison life, and, thus, does not trigger the protections of the Due Process Clause).   As plaintiff's short-term confinement in segregation here does not amount to an "atypical or significant hardship" contemplated by the

4

Due Process Clause, his 23 day confinement in segregation does not rise to the level of a protected liberty interest. *See Williams v. Wall*, No. 06-12S, 2006 WL 2854296 at *3 (D.R.I. Oct. 04, 2006)(21 days of segregation fails to implicate liberty interest). Accordingly, plaintiff's claimed right to procedural protections under the Fourteenth Amendment is without merit and should be dismissed for failing to state a claim on which relief may be granted. I so recommend.

**IV.     Eighth Amendment Claim Related to Interference with Relationship with Family**

Plaintiff states that he was placed in segregation on April 23, 2006 and on June 16, 2007 as a result of an investigation regarding his involvement in prostitution and a charge of sexual assault, respectively. Plaintiff claims that defendant Destefano contacted plaintiff's wife on both dates to inform her of the charges against plaintiff, and, that, as a result, his relationship with his wife and children deteriorated.

The Eighth Amendment prohibits "cruel and unusual punishments," and "it is now settled that 'the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.'" *Farmer v. Brennan*, 511 U.S. 825, 832, 114 S.Ct. 1970 (1994). An Eighth Amendment claim is presented by an inmate where excessive force has been utilized against a prisoner or an inmate has suffered extreme deprivations in the conditions of confinement. *See Hudson v McMillian*, 503 U.S. 1, 9, 112 S.Ct. 995 (1992).

Here, plaintiff's claims that defendants' malicious and intentional interference with his marriage and visitation rights do not fall within the protections of the Eighth Amendment against cruel and unusual punishments. *See Drexel v. Horn*, No. 96-3918, 1997 WL 356484 at *5 (E.D.Pa. Feb. 19, 1997)("The fact that a transfer hinders Drexel's ability to see family members fails to give rise to an Eighth Amendment claim"); *Wright v. Caspari*, 779 F.Supp. 1025, 1029 (E.D.Mo. 1992)(negative impact on plaintiff's marriage resulting from sanction removing him

from the general prison population did not constitute cruel and unusual punishment). Accordingly, plaintiff's allegations pursuant to the Eighth Amendment fail to state a claim on which relief may be granted and should be dismissed. I so recommend.

## CONCLUSION

Neither plaintiff's claims that defendants violated his due process rights under the Fourteenth Amendment by placing him in segregation without affording him a hearing or the ability to call witnesses nor his claims that defendants' actions violated his Eighth Amendment protections against cruel and unusual punishment by adversely affecting his relationship with his wife and children state claims on which relief may be granted. Accordingly, I recommend that the Complaint be DISMISSED with prejudice and plaintiff's motion to proceed *in forma pauperis* be DENIED.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten days of its receipt. Fed R. Civ. P. 72(b); LR Cv 72(d). Failure to file timely, specific objections to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. *United States v. Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986) (per curiam); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980).

Jacob Hagopian
Senior United States Magistrate Judge
November 3, 2009